Abraham N. Geller, J.
This is a motion for an allowance pursuant to CPLR 8303 (subd. [a], par. 4) to attorneys for a respondent for services rendered in connection with the appeal taken to the Appellate Division (23 A D 2d 820) from the determination of this court (43 Misc 2d 1033) involving the construction of an inter vivos trust instrument.
On that determination this court granted the application of the attorneys representing the various parties for counsel fees for services rendered with respect to such construction question and fixed their respective fees in the judgment thereupon entered. The Appellate Division unanimously affirmed without opinion, with $50 costs to all parties filing briefs.
CPLR 8303 (subd. [a], par. 4) is based upon section 1514-a of the Civil Practice Act and restates the provision therein that the court in which judgment was entered, on motion, may award to any party to an action involving the construction of a will or an inter vivos trust instrument, reasonable counsel fees with respect to such construction; and that the court may direct such allowance to be paid to the attorney rendering the services and may provide that determination of the amount be reserved for a supplemental order to be entered after the time to appeal has expired, or if an appeal be taken, then after final determination of the appeal. Though the revisers state in their *777 report that “ no change is intended” from section 1514-a, CPLR 8303 (subd. [a], par. 4) does add the following: “ and a court on appeal may make a like award and direction on appeal ’
The award of counsel fees on a construction question is payable from general estate funds, is given on the theory of assistance to the court on the law question involved, and may be and generally is awarded for such services even to those attorneys whose clients are thereby determined not to have any interest in the estate.
It will be noted that this court did grant an allowance of counsel fees to each of the attorneys with respect to the services rendered by them on the construction question, and that the Appellate Division did make a direction on appeal awarding $50 costs to all parties filing briefs on the appeal.
Since the Appellate Division award is given to all parties filing briefs and not to the prevailing parties, as in the usual costs provision, it is not clear whether it was intended to represent an allowance for counsel fees with respect to such construction on the appeal or a costs award separate and apart from reasonable counsel fees in connection with the appeal, for which application might be made pursuant to CPLR 8303 (subd. [a], par. 4).
Under these circumstances, in view of the prior alloAvance by this court of counsel fees for construction services rendered up to time of entry of judgment, the award and direction as made by the Appellate Division and the provision added in CPLR that ‘ ‘ a court on appeal may make a like award and direction on appeal”, it Avould appear to be appropriate that the motion addressed to this court be denied, without prejudice to such application, as movants may be advised to make, to the Appellate Division.